Judge Underwood,
delivered the opinion of the court.
The circuit court arrested the judgment in favor of the defendant below, now plaintiff in error, upon the ground that all his pleas were defective, and the issues taken thereon, immaterial. We are of opinion that the first plea, and the issue taken thereon, especially after verdict, constitutes a good bar to the action. The first plea alleged, that “the plaintiff to have and maintain his action ought not, because they say, that before the commencement of the suit herein, the debt, in the petition mentioned, was well and truly paid by them, and this they are ready to verify, &c.” To this plea the plaintiff replied, that “he ought not to be barred, &c. because he says the defendants have not paid the debt, *541 in the petition mentioned, and this be prays may enquired of by the country.” The plea was properly signed by counsel, so was the replication, to the defendant’s similiter was added and signed. We cannot imagine any objection to the form or substance of the plea, upon which the court below could have acted, unless it be, that it does not state that the payment was made on or before the debt became due. To a plea of partial payment, such an objection would prevail, as decided in McWaters vs. Draper, V. Monroe, 494; but that case shows, that a pica of partial payment must be disposed of according to the principles of the common law, and that the statute (I Digest 248) does not embrace a plea of partial payment. But in this case the plea is not one of partial payment; it extends to the whole debt, and avers, according to the requisition of the statute, that it was paid before the action was brought. We see no possible objection to a verdict for the ant, upon such a plea, replication, and joinder, Wherefore, the judgment rendered in favor Park, at the November term, 1830, is set aside, and the cause is remanded, with directions to enter judgment for the plaintiffs in error, defendants below, upon the verdict in their favor. The judgment rendered in favor of the plaintiff, at the August term, 1830, the costs of that term is likewise reversed and aside.
p]ea of payment “before 0f suit,” (if it the whole cause °00¿° lon'18
Morehead for appellants.
The plaintiffs in error must recover their costs in this court.